■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE REYES, Appellant. [909 NYS2d 65]—

Judgment, Supreme Court, Bronx County (Harold Enten, J.H.O., at hearing; Ralph Fabrizio, J., at nonjury trial and sentence), rendered June 27, 2005, convicting defendant of attempted criminal possession of a weapon in the fourth degree and attempted possession of ammunition, and sentencing him to a term of one year's probation and a conditional discharge, unanimously reversed, on the law, defendant's motion to suppress statements and physical evidence granted, and the information dismissed.

Defendant's statements admitting that he had a pistol in his apartment and informing the detectives of its location were the product of custodial questioning that should have been preceded by Miranda warnings. Detectives who had anonymous information that defendant had a pistol in his apartment, and also that he had an outstanding warrant for failing to respond to a summons, went to defendant's apartment and entered with his consent. Since the detectives told defendant they had a warrant for his arrest, a reasonable person in his position would not believe he was free to leave (see People v Yukl, 25 NY2d 585

[1969], *cert denied* 400 US 851 [1970]). The inquiry as to whether he had a weapon was likely to elicit an incriminating response, and it did not constitute a threshold, clarifying or exigent inquiry under the circumstances (*compare People v Huffman*, 41 NY2d 29 [1976]). As the People concede that the pistol and ammunition also should be suppressed in the event we conclude the statement should be suppressed, the motion is granted in its entirety.

In view of this determination, we find it unnecessary to reach any other issues. Concur—Gonzalez, P.J., Andrias, Nardelli, McGuire and Abdus-Salaam, JJ.